UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORD GLOBAL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NEW WORLD INTERNATIONAL, INC.; AUTO LIGHTHOUSE PLUS, LLC; and UNITED COMMERCE CENTERS, INC., <br><br> Defendants. | Case No. 5:15-mc-80198-HRL <br><br> **ORDER DENYING MOTION TO TRANSFER OR ALTERNATIVELY TO QUASH OR MODIFY SUBPOENA** <br><br> Re: Dkt. No. 1 |

This is an ancillary matter stemming from underlying patent infringement litigation pending in the United States District Court for the Eastern District of Michigan, Case No. 2:15-cv-10394-LJM-MJH, *Ford Global Technologies, LLC v. New World International, Inc., et al.* (Underlying Action). Defendants have moved to dismiss the Underlying Action for lack of personal jurisdiction, and the parties currently are conducting jurisdictional discovery in connection with that motion.

As part of its discovery efforts, plaintiff subpoenaed eBay, Inc. (eBay) and Paypal, Inc. (Paypal), both of whom are located in this district. Defendants then filed the present motion to quash or modify those subpoenas, requesting that this court transfer their dispute over this nonparty discovery to Michigan for resolution. Following service of the subpoenas, however, plaintiff conferred with eBay and Paypal and agreed to narrow the scope of the discovery sought;

and, neither eBay nor Paypal object to the subpoenas as modified.[1] Indeed, this court is told that Paypal already produced the requested records while the instant motion to transfer/quash was being briefed and that eBay is prepared to do the same with respect to its agreed-upon production.

Defendants object to the scope of discovery sought by plaintiff's subpoenas, arguing that they seek discovery beyond that which is relevant to the jurisdictional issues pending before the District Court in Michigan. Plaintiff opposes the motion. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, and in view of the particular circumstances, this court denies the motion.[2]

Ordinarily, the court in which compliance with a subpoena is required is the one to resolve disputes over whether a particular subpoena should be modified or quashed. Fed. R. Civ. P. 45(d)(1), (2)(B)(i), (3)(A) & (B). Nevertheless, subpoena-related motions may be transferred to the issuing court if the subpoenaed nonparty consents or, in the absence of such consent, in cases where the court finds "exceptional circumstances." Fed. R. Civ. P. 45(f). The proponent of the requested transfer bears the burden of showing "exceptional circumstances." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Id. Transfer nonetheless may be warranted in certain circumstances "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Id.

Defendants request that this motion be transferred so that the Michigan court can resolve the parties' fundamental disagreement whether the scope of jurisdictional discovery covers only accused products (defendants' contention) or whether discovery should also encompass non-accused products (plaintiff's position). That issue properly is one for the Michigan court to

---

[1] Although the docket indicates that eBay and Paypal were served with defendants' motion to quash, they have not appeared before this court on this matter.

[2] Plaintiff contends that defendants failed to meet-and-confer about this dispute before instituting the instant miscellaneous action. Defendants, however, have presented evidence indicating that the parties exchanged written correspondence and engaged in at least one phone call prior to the filing of the present motion. (Dkt. 10, Oake Decl., ¶¶ 2-3).

decide; and, ordinarily, this court would have transferred this matter there. However, one or more of the parties having directed this court to the docket in the Underlying Action, it appears that the Michigan court may have already resolved that overarching issue. So, it appears unnecessary to decide that matter in resolving the instant motion.

Moreover, Paypal having produced the requested documents before the present matter was fully briefed, defendants' motion to quash that subpoena is moot. To the extent there is a dispute over the use or admissibility of that discovery in connection with defendants' pending motion to dismiss, defendants should raise those matters with the Michigan court.

As for eBay, Fed. R. Civ. P. 45(d)(3)(A) provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." None of these are advanced as reasons for this court to modify or quash the eBay subpoena.

Instead, defendants argue that the subpoena should be quashed or modified in view of claimed confidentiality concerns over certain business and customer information. This court generally agrees that defendants have standing to challenge the subject subpoena insofar as their own interest in the confidentiality of their information is jeopardized by the discovery sought from eBay. See generally Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D. Nev. 1994) ("Because [plaintiff] was not the recipient of the subpoenas, it has standing to challenge them only where its challenge asserts that the information is privileged or protected to itself."). However, a protective order sufficient to address defendants' confidentiality concerns has been entered in the Underlying Action. (Dkt. 10, Oake Decl., ¶ 5, Ex. D). Defendants have not convincingly demonstrated how or why the claimed confidential status of certain information requires the subpoena to be modified or quashed.

Defendants also contend that it would be a relatively simple exercise for eBay to go through its records and distill information by product or sale location. However, defendants have no standing to challenge the subject subpoenas based on associated burdens that may (or may not)

be imposed on eBay in complying with the subpoena.  See Finley v. Pulcrano, No. C08-0248 PVT, 2008 WL 4500862 at *1 (N.D. Cal., Oct. 6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object.").  Moreover, to the extent eBay's agreed-upon production might be broader than the scope of jurisdictional discovery, the record presented demonstrates that eBay does not maintain its records in a way that would enable it to extract records based on particular products or locations.  (Dkt. 9, Leshan Decl., ¶ 5, Ex. A).  Accordingly, defendants' motion to quash the eBay subpoena is denied.  To the extent there is any dispute over the use or admissibility of the eBay discovery, the parties shall raise those matters with the Michigan court.

SO ORDERED.

Dated:   January 13, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-mc-80198-HRL Notice has been electronically mailed to:

Amy Colleen Leshan     aleshan@brookskushman.com, lsavage@brookskushman.com

Frank Anthony Angileri     fangileri@brookskushman.com, lsavage@brookskushman.com

Horace W. Green     hgreen@bpbsllp.com, ajohnson@bpbsllp.com, cday@bpbsllp.com, dmiller@bpbsllp.com

Linda D. Mettes     ldm@raderfishman.com, litigationparalegals@raderfishman

Marc Lorelli     mlorelli@brookskushman.com, lsavage@brookskushman.com

William E. Thomson , Jr     wthomson@brookskushman.com, lsavage@brookskushman.com